## ESTATE OF ANDREW J. TRANSUE.

APPEAL BY L. L. HAY ET AL. FROM THE ORPHANS' COURT OF NORTHAMPTON COUNTY.

Argued March 11, 1891—Decided March 23, 1891.

(*a*) Real estate of a decedent was sold in the course of partition proceedings, by his administrators appointed trustees for that purpose. Out of the proceeds of the realty, the trustees paid all known debts, distributed the balance remaining to the heirs at law without taking refunding bonds, and settled an account duly confirmed.

(*b*) Six years afterward, creditors obtained judgment against the administrators for a debt of their intestate of which they had not been informed when they settled their account. The plaintiffs then proceeded in the Orphans' Court by petition and citation upon the administrators, to show cause why they should not be required to pay said judgment:

1. The respondents, acting, in making sale of the real estate, not as administrators, but as trustees for a purpose foreign to their office as administrators, were not liable in this proceeding as for a devastavit, in not taking refunding bonds from the distributees, and the petition was therefore properly dismissed.

2. Whether the respondents were liable to the petitioners upon the bond given by them as trustees, conditioned for the faithful distribution of the proceeds of sale according to law, etc., not decided, because, in the present proceeding, the trustees, as such, were not in court and the court had no control over them.* Per SCHUYLER, P. J.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 321 January Term 1891, Sup. Ct.; court below, number and term not shown.

On January 5, 1891, Lily L. Hay and William H. Hay, her

---

* Cur non ?

Opinion of Court below.

husband, presented their petition, averring that on November 17, 1890, they had recovered a judgment against Vincent A. Transue and Aaron Transue, administrators of Andrew J. Transue, deceased; that the estate of said deceased was solvent: that on May 5, 1884, said administrators had settled an account, duly confirmed, embracing the proceeds of the sale of real estate and personal property, and showing a balance due the estate of $4,451.39; that no decree of distribution of said balance was ever made by said court, nor was an auditor appointed to report distribution; but, as the petitioners were informed, the said administrators had distributed said balance to the heirs at law of their decedent, without taking refunding bonds, as required by law; praying for a citation upon the said administrators to show cause why they should not be required to pay the petitioner's said judgment.

The answers filed admitted the averments of the petition, but alleged that the balance in the hands of accountants represented the proceeds of the sale of decedent's real estate, sold under an order of sale granted by the Orphans' Court in proceedings in partition; that the said balance must still be treated as real estate; that petitioners' claim had never been made a lien upon said real estate by suit or by filing a statement within five years, and therefore said balance was exonerated from any claim of said petitioners. Aaron Transue made further answer that the order of sale of said real estate was executed by Vincent A. Transue personally, and that no part of the proceeds of the sale of said real estate had ever been in respondent's custody.

After argument of the matter, set down for hearing on petition and answers, the court, SCHUYLER, P. J., on January 26, 1891, filed the following opinion:

Andrew J. Transue, the decedent, died in the year 1882, leaving personal estate worth $876.35, and real estate worth $13,580. He also left known debts amounting to $9,461.04. Letters of administration were granted to the respondents. No steps having been taken by the administrators towards a sale of the real estate for the payment of debts, proceedings in partition were begun eleven months after the death of the decedent, which culminated in the sale of all the real estate by the

administrators, to whom the order of sale was directed.   With the joint proceeds of the real and personal estate, the administrators paid all the debts of the decedent of which they had any knowledge, leaving a balance in their hands of $4,451.39. This balance the administrators, of their own motion, distributed among the heirs, without taking refunding bonds.   They then, on May 5, 1884, filed an account, in which were blended the proceeds of both the real and personal estates, and also the entire distribution to both the creditors and heirs.   All this was exceedingly irregular, but we must take it as we find it.

On November 17, 1890, the present petitioners obtained a judgment against the administrators amounting to $1,843.60, for a debt of their intestate.   The administrators knew nothing of this debt, until long after their accounts had been filed and confirmed.   We are now asked to compel the administrators to pay this judgment, on the theory that they were guilty of a devastavit, in distributing to the heirs the balance of the proceeds of the real estate without taking from them refunding bonds.

This theory goes on the assumption that the balance referred to was assets in the hands of the administrators for the payment of debts.   That, we think, is a mistake.   The relation of the respondents to the estate of the decedent was two-fold.   In the first place, they were administrators ; and in the second place, they were trustees to make sale of the real estate of their intestate.   As administrators they had nothing to do with the real estate.   True, the real estate of a decedent is assets for the payment of debts, but an administrator may not touch a foot of it for that purpose, without express authority from the Orphans' Court.   Nor can even the Orphans' Court confer on administrators, as such, authority over their intestates' real estate, except for the payment of debts, or balances due themselves, or for the maintenance of minor children, unless indeed the power is extended by the acts relating to partition.

By reference to these acts, it will readily be seen that it was no part of their purpose to assist administrators in the settlement of estates.   On the contrary, they presuppose that all known debts have been either paid or provided for out of the personal estate, at the same time recognizing the possibility of unknown debts turning up.   For these latter, and for these

Opinion of Court below.

alone, provision is made by requiring refunding bonds to be taken; and, inasmuch as, in the event of such debts being made to appear, the administrators will be looked to for payment, it is but proper that the bonds, which furnish the only means of payment, should be taken in their names.

This, no doubt, was the thought in the mind of the legislature in enacting that the order of sale should be directed in the first instance to the administrator. It is optional, however, with the administrator whether he accepts the additional trust or not. If he decline, it is made the duty of the court " to appoint some suitable person as trustee " to make the sale. It matters nothing whether the sale is made by an administrator or by a trustee, as their duties and powers are the same and they are subject to the same restrictions. It has been decided that a trustee to make sale in partition is the agent of the court, and his sole duty is to execute the order of sale under its supervision: Culp's Est., 5 Pa. C. C. R. 582. The same is true of an administrator acting under an order to sell real estate: Sage v. Nock, 4 Clark 520. The partition acts do not prescribe in express terms the ultimate disposition of the proceeds of a sale made under their provisions, but the necessary implication is that the proceeds are to be divided " among the kindred of the decedent."

If it be true, therefore, and we can see no escape from the conclusion, that the respondents in making sale of real estate were acting, not as administrators, but as the mere agents of the court, and for a special purpose foreign to their office as administrators, that purpose being the conversion of the real estate into money for distribution amongst the kindred of the decedent, it follows that the theory of a devastavit by the administrators, as such, has nothing to rest upon. The personal estate of which the decedent died possessed has been fully administered, an account of the administration has been filed and confirmed, and in this way all the conditions of the administration bond have been fulfilled.

The fact that the administrators did not apply for an order to sell the real estate for the payment of debts, might well have been followed up by their removal; but it furnishes no ground for charging them with assets which they never had in their possession or under their control in their capacity as administra-

tors. Nor can the fact that they used a portion of the proceeds of the partition sale for the payment of the debts of their intestate, without authority and in violation of their duty as mere trustees for sale, change their status as to the balance of the fund not thus appropriated. Will it be pretended that the sureties on the administration bond are liable for this balance?

When the respondents were appointed trustees for sale, under the partition proceedings, they were required to give a new bond, conditioned for the faithful distribution of the proceeds of sale according to law. One of their duties in connection with the distribution was to take from the distributees refunding bonds. This duty they wholly neglected. Whether the petitioners are in a position to take advantage of this breach of duty, cannot be judicially determined under the present rule, for the trustees are not in court. Without presuming to dictate and without binding myself, it seems to me that the way to reach this question is by an action upon the trustees' bond. We are clear that under the present rule we have no jurisdiction over the trustees, and that any decree we might enter would be simply brutum fulmen.

Rule discharged.

—Thereupon, the petitioners took this appeal, specifying that the court erred in dismissing the petition and in not granting the prayer thereof.

*Mr. H. J. Steele* (with him *Mr. P. M. Gernet*), for the appellants.

Counsel cited: (1) Horner v. Hasbrouck, 41 Pa. 179; § 42, act of March 29, 1832, P. L. 203; Sackett v. Twining, 18 Pa. 199; § 42, act of February 24, 1834, P. L. 81; act of March 27, 1865, P. L. 45; act of April 28, 1868, P. L. 105; act of April 11, 1863, P. L. 341. (2) Williamson's App., 94 Pa. 236; Kittera's Est., 17 Pa. 416; Bull's App., 24 Pa. 286; Dundas's App., 73 Pa. 474; Miskimins's App., 114 Pa. 530; Grove's App., 103 Pa. 562. (3) Taylor's App., 119 Pa. 297; § 19, act of June 16, 1836, P. L. 792; § 53, act of March 29, 1832, P. L. 207; Jones's App., 99 Pa. 124. (4) Benner v. Phillips, 9 W. & S. 13; § 45, act of February 24, 1834, P. L. 82; Jones's App., supra; Wentz's App., 126 Pa. 541; Carter v. Trueman, 7 Pa. 323; Clepper v. Livergood, 5 W. 115; Dyer v. Cornell, 4 Pa.

359; Biggert's Est., 20 Pa. 17; Gordon's App., 18 W. N. 23; Gutshall v. Goodyear, 107 Pa. 123.

*Mr. Russell C. Stewart* (with him *Mr. George W. Geiser*), for the appellees.

That in no event could the court make an order as to Aaron Transue, counsel cited: Patterson's Est., 1 W. & S. 291; Davis's App., 23 Pa. 206; Heyer's App., 34 Pa. 183; Boyd v. Boyd, 1 W. 365; Commonwealth v. Hilgert, 55 Pa. 236; Fross's App., 105 Pa. 258; Walker's App., 116 Pa. 419; Young's App., 99 Pa. 74. That V. A. Transue could not be held liable as administrator: Schaeffer's App., 119 Pa. 644; § 52, act of July 16, 1842, P. L. 388. That petitioners having no lien, they had no standing: § 24, act of February 24, 1834, P. L. 77; Oliver's App., 101 Pa. 299; § 42, act of February 24, 1834, P. L. 81; Wilson's App., 45 Pa. 435; Cadbury v. Duval, 10 Pa. 265; Fisher v. Kurtz, 28 Pa. 47; Musser v. Oliver, 21 Pa. 362; §§ 41, 45, act of February 24, 1834, P. L. 81; Commonwealth v. Pool, 6 W. 32; Kerper v. Hoch, 1 W. 9; Man v. Warner, 4 Wh. 480; Wallace's App., 5 Pa. 104.

PER CURIAM:

The learned judge of the Orphans' Court has given sufficient reasons for dismissing the appellants' petition.

　　　　Decree affirmed, and the appeal dismissed at the costs of the appellants.